# EXHIBIT B



## BOARD OF HENNEPIN COUNTY COMMISSIONERS
A-2400 GOVERNMENT CENTER
MINNEAPOLIS, MINNESOTA 55487-0240

July 22, 2021

Christopher X. Nguyen
Aberrant Law PLLC
609 South 10th Street, Suite 200A
Minneapolis, MN 55404

Dear Christopher X. Nguyen,

RE: Norhan Ashraf Askar vs. Hennepin County; Hennepin County Sheriff's Department

Your communication(s) dated July 21, 2021 which were served by hand on July 22, 2021, will be formally recorded on the Communications List of the Hennepin County Board of Commissioners meeting on August 3, 2021. The communication(s) have been forwarded to the Civil Division of the Hennepin County Attorney's Office for investigation and further action. The investigation will not be completed until after the meeting date. You will be hearing from that office when the investigation is completed.

If you have further questions about this, you may contact the Hennepin County Attorney's Office at 612-348-5518.

Sincerely,

Karen L. Keller
Deputy Clerk to the County Board

jv

cc: Jim Keeler

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | PERSONAL INJURY |

| | |
|---|---|
| Norhan Ashraf Askar, | Court File No. _____ |
| | Judge _____ |
| Plaintiff, | |
| vs. | **SUMMONS** |
| Hennepin County; Hennepin County Sheriff's Department; Ramsey County; Ramsey County Sheriff's Department; John and Jane Does, individually and in their capacities as employees of the Hennepin and Ramsey County Sheriffs' Departments; | |
| Defendants. | |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT:

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this Summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at 7900 International Drive, Suite 700, Minneapolis, MN 55425.

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree

or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 21, 2021

ABERRANT LAW PLLC

By: _____
Christopher X. Nguyen, #401032
ATTORNEYS FOR PLAINTIFF
609 S. 10th St.
Suite 200A
Minneapolis, MN 55404
cxnguyen@aberrantlaw.com
(651) 364-1508

2

Dated: July 21, 2021         By:

McELLISTREM, FARGIONE,
RORVIG & MOE, P.A.

*[signature]*

Mike Fargione, #28253
Racey J. Rodne, #0401069
ATTORNEYS FOR PLAINTIFF
7900 International Dr., Suite 700
Minneapolis, MN  55425
rrodne@mcfarg.com
(952) 544-5501

3

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: *Personal Injury* |

Norhan Ashraf Askar,

                Plaintiff,

vs.

Hennepin County; Hennepin County Sheriff's Department; Ramsey County; Ramsey County Sheriff's Department; John and Jane Does, individually and in their capacities as employees of the Hennepin and Ramsey County Sheriffs' Departments;

                Defendants.

**COMPLAINT WITH JURY DEMAND**

## I. INTRODUCTION

1. This is an action for money damages brought pursuant to Minnesota and Federal Law.

2. The Defendants caused compensable injuries to Plaintiff pursuant to Minnesota State and Federal Law.

## II. PARTIES

3. Plaintiff Norhan Ashraf Askar is and was at all times pertinent and germane to this complaint, a resident of the State of Minnesota.

4. At all times material Defendant Hennepin County is and was organized under and

by virtue of the laws of the State of Minnesota.

5. At all times material Defendant Hennepin County Sheriff's Department is and was the policing arm of Hennepin County.

6. At all times material Defendant Ramsey County is and was organized under and by virtue of the laws of the State of Minnesota.

7. At all times material Defendant Ramsey County Sheriff's Department is and was the policing arm of Ramsey County.

8. John and Jane Does are the individual officers employed by the Hennepin and Ramsey County Sheriffs' Departments involved in the incidents described in the Complaint. Their identities not known by Norhan Askar at this time.

### III. FACTS

9. On June 3, 2021, at approximately 1:30 p.m. Norhan Askar had plans to have a lunch date with Winston Smith at Stella's Fish Café & Prestige Oyster Bar (Stella's) located at 1400 W. Lake Street, Minneapolis, MN 55408.

10. Ms. Askar was picked up by Winston Smith and they drove to the top floor of a parking garage located at 3001 Hennepin Ave, Minneapolis, MN 55408 (The Parking Garage).

12. Ms. Askar then exited the parking garage, walked across Lake Street, entered Stella's and sat at a table on the rooftop of Stella's.

13. Ms. Askar never acted in a dangerous manner while parking at The Parking Garage, walking across Lake Street, or entering Stella's.

14. Ms. Askar never threatened any peace officer or member of the public while parking at The Parking Garage, walking across Lake Street, or entering Stella's.

15. Ms. Askar never committed a crime while parking at The Parking Garage, walking across Lake Street, or entering Stella's.

16. Ms. Askar and her date finished their meals and paid their bill.

17. Ms. Askar never acted in a dangerous manner while present at Stella's.

18. Ms. Askar never threatened any peace officer or member of the public while present at Stella's.

19. Ms. Askar never committed a crime while present at Stella's.

20. After paying their bill, Ms. Askar and Mr. Smith left Stella's and proceeded to walk across the street and back to The Parking Garage.

21. Ms. Askar never acted in a dangerous manner while exiting Stella's or while walking back to The Parking Garage.

22. Ms. Askar never threatened any peace officer or member of the public while exiting Stella's or while walking back to The Parking Garage.

23. Ms. Askar never committed a crime while exiting Stella's or while walking back to The Parking Garage.

24. Ms. Askar and Mr. Smith took the elevator to the top of The Parking Garage, entered their vehicle, and intended to leave The Parking Garage.

25. Ms. Askar never acted in a dangerous manner while taking the elevator to the top of The Parking Garage or while entering their vehicle.

26. Ms. Askar never threatened any peace officer or member of the public while taking the elevator to the top of The Parking Garage or while entering their vehicle.

27. Ms. Askar never committed a crime while exiting Stella's or while taking the elevator to the top of The Parking Garage or while entering their vehicle.

28. Suddenly, the vehicle Ms. Askar was occupying was completely surrounded by Defendants who were driving unmarked vehicles, wearing street clothes, and were pointing guns directly at Ms. Askar.

29. Plaintiff could not have fled the scene because Defendants rammed one of their unmarked peace officer vehicles into the back of the vehicle Ms. Askar was occupying. This collision pushed the vehicle that Ms. Askar was occupying into a barrier directly in front of the vehicle.

30. The photo below, incorporated in this paragraph of the Complaint, fairly and accurately shows both the position the vehicle that Ms. Askar was occupying when she was detained by Defendants and the positions of the Defendants' vehicles that blocked all movement of the vehicle she was in.



30. Defendants pointed their guns directly at Ms. Askar.

31. Defendants then shot their firearms into the vehicle Ms. Askar was occupying.

32. Ms. Askar was physically injured as a result of flying glass because Defendants were shooting their firearms into the vehicle she was occupying.

33. Ms. Askar suffered severe emotional trauma as a result of Defendants shooting their firearms into the vehicle she was occupying.

31. Throughout the events described herein, Ms. Askar never resisted arrest.

32. Throughout the events described herein this complaint Ms. Askar was never given a warning or an opportunity to leave.

33. Throughout the events described herein, Ms. Askar Askar was not aware of Winston Smith conducting any dangerous behavior, threatening behavior, or committing a crime.

## IV. STATEMENT OF CLAIMS

## COUNT I - 42 U.S.C. §1983: DENIAL OF CIVIL RIGHTS, STATE-CREATED DANGER, DUE PROCESS

34. Plaintiff reincorporates all the above paragraphs.

35. Defendants first seized Ms. Askar by waiting until she had entered a parked car in The Parking Garage and by then smashing into the car so that it was immobilized, thereby trapping her within the vehicle.

36. Defendants further seized Ms. Askar by pointing weapons directly at her and by threatening the use of firearms upon Ms. Askar.

37. At the time of Defendants seizure of Ms. Askar, she had been engaging in no illegal activity, had not disobeyed any of their commands, was not posing any threat to anyone, and was not attempting to flee or to resist.

38. Defendants used a show of force by brandishing and threatening the use of firearms upon Ms. Askar.

39. Defendants shot their firearms into the vehicle Ms. Askar occupying.

40. Defendants' conduct rendered Ms. Askar vulnerable to harm.

41. Defendants directly caused injury to Ms. Askar.

42. Plaintiff Askar's physical and/or mental injuries are a foreseeable result of being rammed while seated in a vehicle and as a result of being in the vehicle as it was

riddled by bullets shot by Defendants.

43. Defendants' shooting of their firearms into the vehicle Plaintiff was occupying directly caused Ms. Askar's physical, mental, and emotional injuries.

44. Defendants consciously disregarded the great risk of serious harm to Ms. Askar that Defendants had themselves created.

45. Defendants ramming the vehicle and then shooting their firearms into the vehicle Ms. Askar was occupying demonstrates (1) a conscious disregard to the potential for the great risk of serious harm or death to Ms. Askar, (2) a deliberate indifference to the potential for the great risk of serious harm or death to Ms. Askar; (3) both a conscious disregard as well as a deliberate indifference to the great risk of serious harm or death, and/or (4) such gross negligence or arbitrariness to the potential risk of harm or death to Ms. Askar and others that it shocks the conscience.

46. Defendants' actions in isolating Ms. Askar in the parked vehicle and by pointing firearms directly at Ms. Askar distinguishes Ms. Askar's relationship with Defendants from the public at large.

47. Defendants used their authority as Minnesota County Sheriff Deputies to create the foreseeable risk to Ms. Askar's physical and mental health.

48. Defendants violated Ms. Askar's Due Process rights to be free from government officials engaging in conduct that rendered her vulnerable to harms such as those actually experienced.

49. As a direct result of the acts and omissions by Defendants, Plaintiff Askar suffered compensatory and special damages in an amount to be determined by a

jury.

50. Plaintiff Askar is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT II - 42 U.S.C. §1983: DENIAL OF CIVIL RIGHTS—EXCESSIVE FORCE, REASONABLENESS OF SEIZURE

51. Plaintiff reincorporates all the above paragraphs.

52. On June 3, 2021 Defendants trapped Ms. Askar in a vehicle and then threatened her life by screaming commands at her and pointing their firearms directly at her person.

53. At all times material, neither Ms. Askar nor any other reasonable person in a same or similar circumstance would have believed that they were free to leave as she was trapped in a vehicle and lethal weapons were targeted directly at her.

54. At all times material, Defendants' force was not reasonably necessary to accomplish the seizure of Ms. Askar.

55. At all times material, Defendant's seizure of Ms. Askar lacked justification for their show and use of force.

56. At all times material, Defendants' use of force was unnecessary to seize Ms. Askar because she did not commit a crime, did not act in a dangerous manner, and did not pose any kind of threat to a peace officer or the public at large.

57. Defendants violated Ms. Askar's constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

58. At all times material, Defendants acted in their official capacities under the color

of state law while employed by their respective agencies—namely the Hennepin and Ramsey County Sheriff's Departments.

59. On June 3rd, 2021 Defendants knew or should have known that it was unlawful to seize Ms. Askar and use deadly force upon nonviolent and stationary individuals.

60. As a direct result of the acts and omissions by Defendants, Ms. Askar suffered compensatory and special damages in an amount to be determined by a jury.

61. Ms. Askar is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT III - 42 U.S.C. §1983: DENIAL OF CIVIL RIGHTS—FAILURE TO ANNOUNCE, REASONABLENESS OF SEIZURE

62. Plaintiff reincorporates all the above paragraphs.

63. Defendants surrounded Ms. Askar with unmarked vehicles while she was sitting inside a stationary vehicle. One of the unmarked vehicles rammed into the rear-end of the vehicle Ms. Askar was occupying.

64. Defendants exited their unmarked vehicles and surrounded the vehicle Ms. Askar was occupying with their guns drawn.

65. Defendants failed to announce themselves as law enforcement agents prior to or during their seizure of Ms. Askar.

66. Ms. Askar did not possess any means to identify Defendants as agents of law enforcement before or during the seizure.

67. On June 10, 2021, Defendant Bureau of Criminal Apprehension released a public announcement they would not release names of law enforcement involved in this

matter stating "the officers were working undercover."

68. On June 3, 2021, Defendant knew or should have known that law enforcement must announce their presence before executing a search or an arrest warrant.

69. As a direct result of the acts and omissions by Defendants, Ms. Askar suffered compensatory and special damages in an amount to be determined by a jury.

70. Ms. Askar is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT IV - NEGLIGENCE

71. Plaintiff reincorporates all the above paragraphs.

72. Defendants have a duty to act as reasonably prudent sheriff's deputies and to not harm individuals willfully or maliciously.

73. Defendants failed to act as reasonably prudent sheriff's deputies by creating a dangerous environment and shooting their firearms into the vehicle Ms. Askar was occupying.

74. Defendants willfully and intentionally shot into the vehicle that Ms. Askar was occupying.

75. There was no reasonable excuse for using deadly force at the time of the Defendants shooting.

76. As a direct and proximate result of Defendants' conduct, Ms. Askar was caused to sustain and suffered injuries including, but not limited to, her left arm, leg and torso; has in the past and will in the future suffer pain, disability, and mental anguish; has in the past and will in the future incur losses and expenses for medical care and treatment; has in the past and will in the future suffer a loss of

general earning capacity all to her general and specific damage in a sum in excess of Fifty Thousand and No/100 ($50,000.00) Dollars.

## COUNT V - ASSAULT

77. Plaintiff reincorporates all the above paragraphs.

78. Defendants acted with the intent to cause apprehension or fear of immediate harm to Ms. Askar by aiming their guns directly at Plaintiff Askar.

79. Defendants had the apparent ability to cause harm to Ms. Askar because Defendants were standing directly outside of the vehicle Ms. Askar was occupying and aimed their firearms directly at Ms. Askar.

80. As a result of Defendants' intent to cause apprehension of fear of immediate harm, Ms. Askar had a reasonable apprehension and fear that the immediate harm would occur.

81. As a direct and proximate result of Defendants' assault, Ms. Askar was caused to sustain and suffer painful injuries including, but not limited to, her left arm, leg and torso; has in the past and will in the future suffer pain, disability, and mental anguish; has in the past and will in the future incur losses and expenses for medical care and treatment; has in the past and will in the future suffer a loss of general earning capacity all to her general and specific damage in a sum in excess of Fifty Thousand and No/100 ($50,000.00) Dollars.

## COUNT VI - BATTERY

82. Plaintiff reincorporates all the above paragraphs.

83. Defendants intentionally caused a harmful contact to Plaintiff Askar by shooting the vehicle that Ms. Askar was occupying.

84. As a result of Defendants' intentional shooting, Ms. Askar suffered injuries to her left, leg, arm, and torso.

85. As a direct and proximate result of Defendants' battery, Ms. Askar was caused to sustain and suffer painful injuries including, but not limited to, her left arm, leg and torso; has in the past and will in the future suffer pain, disability, and mental anguish; has in the past and will in the future incur losses and expenses for medical care and treatment; has in the past and will in the future suffer a loss of general earning capacity all to her general and specific damage in a sum in excess of Fifty Thousand and No/100 ($50,000.00) Dollars.

## COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. Plaintiff reincorporates all the above paragraphs.

87. Defendants seized Ms. Askar in unmarked peace officer vehicles while wearing street clothes. Defendants rammed the vehicle Ms. Askar was occupying. Defendants surrounded the vehicle Ms. Askar was occupying with firearms drawn and began to scream commands at Ms. Askar. Defendants then shot their firearms into the vehicle Ms. Askar was occupying.

88. Defendants' conduct was extreme and outrageous that it passed the boundaries of decency and is utterly intolerable to the civilized community.

89. Defendants intentionally created a dangerous situation, threatened Ms. Askar, and shot their firearms into the vehicle she was occupying.

90. Defendant's conduct caused emotional distress to Ms. Askar.

91. Ms. Askar's emotional distress was and is so severe that no reasonable person could be expected to endure it.

## V. RELIEF REQUESTED

92. WHEREFORE, Plaintiff Norhan Askar demands judgment against Defendants jointly and severally for a sum in excess of Fifty Thousand and No/100 ($50,000.00) Dollars, together with interest, costs and disbursements incurred herein.

93. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Dated: July 21, 2021            ABERRANT LAW PLLC

By: *[signature]*

Christopher X. Nguyen, #401032
ATTORNEYS FOR PLAINTIFF
609 S. 10th St.
Suite 200A
Minneapolis, MN 55404
cxnguyen@aberrantlaw.com
(651) 364-1508


McELLISTREM, FARGIONE,
RORVIG & MOE, P.A.

Dated: July 21, 2021            By: *[signature]*

Mike Fargione, #28253
Racey J. Rodne, #0401069
ATTORNEYS FOR PLAINTIFF
7900 International Dr., Suite 700
Minneapolis, MN 55425
rrodne@mcfarg.com
(952) 544-5501

## ACKNOWLEDGMENT

Plaintiff hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the Defendant pursuant to M.S.A. §549.21, Subd. 2.

/s/ Racey Rodne
Racey Rodne