UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 21cv1829 (DSD/DTS)

Norhan Ashraf Askar,

                    Plaintiff,

v.                                                **ORDER**

Hennepin County; Hennepin County
Sheriff's Department; Ramsey County;
Ramsey County Sheriff's Department;
John and Jane Does, individually
and in their capacities as employees
of the Hennepin and Ramsey County
Sheriffs' Departments,

                    Defendants.


    Racey Rodne, Esq. and McEllistrem Fargione P.A., 7900
    International Drive, Suite 700, Minneapolis, MN 55425,
    counsel for plaintiff.

    Ana H. Voss, United States Attorney's Office, 300 South
    Fourth Street, Suite 600, Minneapolis, MN 55415, counsel
    for defendant United States of America.


    This matter is before the court upon the notice of
substitution and motion to dismiss filed by the United States of
America. Based on a review of the file, record, and proceedings
herein, and for the following reasons, the United States is
substituted as defendant and its motion to dismiss is granted.

**BACKGROUND**

This dispute arises out of injuries plaintiff Norhan Ashraf Askar sustained during a United States Marshal Service (USMS) task force operation. On June 3, 2021, Askar and an acquaintance, Winston Smith, arranged to have lunch in Minneapolis. Compl. ¶ 9. Smith picked Askar up and drove to a parking garage. Id. ¶ 10. Askar and Smith exited the parking garage, ate lunch in a nearby restaurant, and proceeded back to the parking garage without incident. Id. ¶¶ 20-27.

Once they were back inside Smith's car, police officers, wearing street clothes and driving unmarked vehicles, surrounded the car in an attempt to arrest Smith. Id. ¶ 28; Rodne Decl., Ex. 1. According to Askar, officers rammed the back of Smith's vehicle and pointed guns directly at her, even though she was not the target of the attempted arrest and did not act in a dangerous or threatening manner. Compl. ¶¶ 17-32. Officers then fired their guns into the vehicle, and Askar sustained injuries from flying glass. Id. ¶¶ 31-32.

The officers involved in the incident included members of several local police departments, but the operation was conducted by a USMS joint task force. Rodne Decl., Exs. 1-2. The USMS has relationships with the local departments and routinely organizes and coordinates task force operations using their personnel. In this instance, the USMS had a memorandum of

understanding (MOUs) with each participating department outlining the relationship and the roles of the different entities. Voss Decl., Exs. 3-5. For this operation, the task force deputized officers from Hennepin County and Ramsey County who acted under the direction of USMS officials. Id. Exs. 1-2.

Seeking recovery for the injuries she suffered in the incident, Askar submitted a claim to the USMS on July 22, 2021.[1] Bryan Decl., Ex. 1. One day later, on July 23, 2021, Askar served this lawsuit on defendants Hennepin County, Hennepin County Sheriff's Office, Ramsey County, Ramsey County Sheriff's Office, and John and Jane Does as individuals employed by Hennepin and Ramsey County Sheriffs' Offices.[2] ECF No. 1. Askar seeks damages under 42 U.S.C. § 1983 and several tort causes of action, including negligence, assault, battery, and intentional infliction of emotional distress.

Hennepin County and Ramsey County answered, arguing that the officers acted as federal agents and not as county employees during the incident. ECF Nos. 25, 27. The United States then filed a notice of substitution, through which it seeks to be substituted in place of defendants John Doe 1 and John Doe 2

---

[1] To date, USMS has not responded to the claim. Bryan Decl., Ex. 1.

[2] Askar originally filed her lawsuit in Minnesota state court. Defendants removed the case to federal court on August 12, 2021. ECF No. 1.

under 28 U.S.C. § 2679(d).   In support of substitution, the United States Attorney submitted a certification attesting that defendants John Doe 1 and 2 acted within the scope of their federal employment at the time of the incident.   ECF No. 26-1. The United States followed with a motion to dismiss the tort claims, arguing that the court lacks subject matter jurisdiction because Askar failed to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA).[3]

Askar opposes, arguing that substitution is improper because the local sheriffs' offices retain control over their officers during task force operations and therefore remain liable for their actions.   Askar further argues that the arguments for dismissal based on administrative exhaustion are now moot because the requisite time period has passed.   Finally, at oral argument, Askar requested that she be permitted to amend her complaint if the court finds that substitution is proper.

### DISCUSSION

### I.   Standard of Review

A court must dismiss an action over which it lacks subject-matter jurisdiction.   Fed. R. Civ. P. 12(h)(3).   In a facial

---

[3] Defendants Hennepin County, Hennepin County Sheriff's Office, Ramsey County, and Ramsey County Sheriff's Office also filed a response in support of the United States' motion to dismiss.   ECF No. 48.

challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party.  See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6).") (citation omitted).

By contrast, in a factual challenge as in this case, "no presumptive truthfulness attaches to the plaintiff's allegations," and plaintiff has the burden to prove that jurisdiction exists by a preponderance of the evidence.  Osborn, 918 F.2d at 730 (internal quotations omitted).  Accordingly, the court may look to evidence outside of the record to satisfy itself of its jurisdiction to hear the case.  See Deuser v. Vecera, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998).

## II.  Federal Tort Claims Act

Under the doctrine of sovereign immunity, the federal government and its agents are immune from suit unless such protection has been specifically waived.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  The FTCA operates as such a waiver with respect to tort liability.  See 28 U.S.C. § 1346(b).  The FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." <u>Levin v. United States</u>, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)).

The FTCA, however, requires claimants to first present their claim to the responsible federal agency before filing suit. 28 U.S.C. § 2675(a). The claimant must receive a denial or six months must pass without a response before bringing a suit in district court. 28 U.S.C. § 2675. If a claimant fails to exhaust the administrative remedy, the district court lacks jurisdiction and must dismiss the suit. <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir. 1993).

### III. Substitution

Although the FTCA permits plaintiffs to bring tort claims, it also specifies that the exclusive remedy for such claims is against the United States. See 28 U.S.C. § 2679(b)(1). That is, the individual employee whose conduct is challenged receives absolute immunity. 28 U.S.C. § 2679. This approach puts the burden of defending litigation on the government and not individual employees. Osborn v. Haley, 549 U.S. 225, 229-30 (2007).

Thus, if a plaintiff sues an individual federal employee, the United States may seek to substitute itself as the proper defendant. To assess whether substitution is appropriate, a court considers two factors. First, the court determines whether the individual is a federal employee. Second, the court considers whether the employee acted within the scope of their employment. If a court finds that the individual was a federal employee acting within the scope of their employment, the United States must be substituted as the named defendant.

#### A. Federal Employee

Whether a defendant is a federal employee is a matter of federal law. United States v. Orleans, 425 U.S. 807, 814 (1976). The FTCA defines government employees as "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or

7

permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Further, the Intergovernmental Personnel Act of 1970 (IPA) permits federal agencies to deputize state or local government employees. 5 U.S.C. §§ 3371-76. If deputized, the IPA provides that the state or local employee is "deemed an employee of the [federal] agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute." 5 U.S.C. 3374(c)(2).

Relevant here, courts applying these statutes "have consistently treated local law enforcement agents deputized as federal agents and acting as part of a federal task force as federal agents." Colorado v. Nord, 377 F. Supp. 2d 945, 949 (D. Colo. 2005) (citing United States v. Martin, 163 F.3d 1212, 1214 (10th Cir. 1998); United States v. Torres, 862 F.2d 1025, 1030 (3d Cir. 1988); Amoakohene v. Bobko, 792 F. Supp. 605, 607 (N.D. Ill. 1992)). This finding is rooted in the IPA's language requiring "only that a State or local employee be 'assigned to' or 'on detail to' a federal agency." West v. City of Mesa, No. CV-12-647, 2015 WL 1959467, at * (D. Az. Apr. 29, 2015) (citing Farag v. United States, 587 F. Supp. 2d 436, 471 (E.D.N.Y. 2008)).

**B. Scope of Employment**

To facilitate the scope of employment determination, Congress authorized the Attorney General to submit a

8

certification that an "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."[4]  28 U.S.C. § 2679(d)(2).  Certification functions as prima facie evidence that the employee acted within the scope of their employment.  Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 (8th Cir. 1992).

Certification is "the first, but not the final word" on whether the federal officer is immune from suit and correlatively, whether the United States is properly substituted as defendant."  Osborn v. Haley, 549 U.S. 225, 246 (2007) (citations and internal quotation marks omitted).  A plaintiff may challenge the prima facie evidence with "specific facts rebutting the certification."  Id. at 1088 (citation omitted).  To do so, a plaintiff must allege facts that, if true, demonstrate the employee's actions exceeded the scope of employment.  Saleh v. Bush, 848 F.3d 880, 889 (9th Cir. 2017).

**C. Askar's Claim**

In this case, the United States seeks substitution under the FTCA's framework.  It first argues that the officers acted as part of a USMS task force and thus as federal employees.  Second, it points to the U.S. Attorney's certification, which states that the officers acted within the scope of their

---

[4] The United States Attorney for the district in which an action is brought is "authorized to make the statutory certification."  28 C.F.R. 15.4.

employment during the incident. Askar does not appear to challenge the scope of employment certification. Instead, Askar argues that the officers acted, not as federal employees, but as members of their local police departments during the incident.

To support her argument, Askar points to the MOUs between the USMS and the local police departments regarding joint task force operations. Askar highlights a provision that states:

> Each agency shall be responsible for the acts or omissions of its employees. Participating agencies or their employees shall not be considered as the agents of any other participating agency. Nothing herein waives or limits sovereign immunity under federal or state statutory or constitutional law.

Voss Decl., Ex. 3, at 4. According to Askar, this language assigns liability to the local police departments for their officers' actions and not to the USMS. Askar asserts that this liability allocation means that the local police departments remain responsible for their officers' actions during task force operations and thus are the proper defendants.

The government counters with several arguments. First, it argues that the MOUs, taken in their entirety, outline a relationship in which the local police departments cede control of the officers to the USMS. Therefore, according to the government, the MOUs support its position that the officers had been assigned to the USMS and acted as federal agents. Second, the government argues that plaintiff is not a party or a third-

party beneficiary to the agreement and thus lacks standing to invoke the MOUs. Finally, the government argues that the FTCA and IPA, rather than the MOUs, are controlling and that the liability provision in the MOUs is irrelevant.

The court finds that the officers were federal employees at the time of the incident. First, the MOUs, by their very definition, are not binding contracts. MOUs memorialize the "preliminary understanding of parties who plan to enter into a contract" but are "not meant to be binding." Memorandum of Understanding, Black's Law Dictionary 1088 (11th ed. 2019). More importantly, courts look to federal law, not private contracts, to determine "whether a defendant is a federal employee." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995); see also Duffy v. United States, 966 F.2d 307, 314 (7th Cir. 1992).

The FTCA, the applicable federal law, defines government employees as "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. This formulation "was drafted to have an expansive reach." Duffy, 966 F.2d at 314.

In this case, it is undisputed that the officers were participating in a task force operation on behalf of the USMS

during the incident.  The operation fell squarely within USMS's primary purpose.  Askar does not claim that the operation served the purposes or interests of the local police departments.  Nor does she appear to argue that the officers acted under the direction of their local departments.  Therefore, the court finds that the officers acted as federal employees during the incident.

The court's finding that the officers acted as federal agents and the uncontested scope of employment certification establish both prongs of the FTCA's substitution requirements. Accordingly, the United States must be substituted in place of John Doe 1 and John Doe 2.  Further, because the officers acted as federal employees and not as employees of their local departments, all claims against defendants Hennepin County, Hennepin County Sheriff's Office, Ramsey County, and Ramsey County Sheriff's Office must be dismissed.[5]

## IV. Dismissal for Lack of Subject Matter Jurisdiction

Based on its substitution as defendant, the United States moves to dismiss Askar's tort claims for lack of subject matter jurisdiction.  The government argues that Askar failed to

---

[5] The claims against Hennepin County, Hennepin County Sheriff's Office, Ramsey County, and Ramsey County Sheriff's Office alleged liability for their officers' action based on a respondeat superior theory.  Based on the finding that John Doe 1 and John Doe 2 did not act as employees of these entities, the claims against these defendants must be dismissed.  ECF No. 48.

exhaust administrative remedies because she filed her lawsuit before the USMS responded to her claim or six months had passed.

The court agrees. The FTCA requires a claimant to file a claim with the responsible agency and either to receive a denial of the claim or six months to pass without a response before filing suit in district court. 28 U.S.C. § 2675. Askar did file a claim with the proper government agency, but she did not receive a response and did not wait six months before filing her lawsuit. Therefore, Askar failed to meet the FTCA's exhaustion requirements, and the court lacks subject matter jurisdiction over her claims.

## V.   Amending the Complaint

Askar requests that if the court determines that the United States is the proper defendant, it grant her leave to amend the complaint.[6] The Federal Rules of Civil Procedure permit a plaintiff to amend the complaint once as a matter of course within a certain time period, or if outside that window, with the court's leave. Fed. R. Civ. P. 15(1)-(2). Rule 15 also provides that "[t]he court should freely give leave when justice so requires." Id. at 15(2). Askar is outside the window to

---

[6] Askar's counsel requested leave to amend the complaint during the hearing on the government's motion. The court understood the request as one for leave to amend in order to substitute Bivens claims against the individual officers in place of her § 1983 claims.

13

amend as a matter of course, so she may only amend her complaint with the court's leave.

The court finds that good cause exists to permit Askar to amend her complaint. The inquiry, however, does not end there. Even if Askar amends her complaint, such an action will not save her tort claims.

The operative date for FTCA exhaustion analysis is the original filing date. McNeil v. United States, 508 U.S. 106, 111-12 (1980). Amending a complaint does not re-set or otherwise change that operative date.[7] Sparrow v. USPS, 824 F. Supp. 252, 254-55 (E.D. Cal. 1993) (a premature "complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."); Hoffenberg v. Provost, No. 05-2354, 2005 WL 3046524, at *2 (3d Cir. Nov. 15, 2005) ("the date of the amended

---

[7] The key point is that because Askar included her tort claims when she commenced this action, the claims have been pending since that time. In contrast, courts have permitted amendment to add FTCA claims for the first time or when the claims were dismissed and later re-filed against a new defendant. See McCoy v. Kensey Nash Corporation, 2006 WL 8458104, at *3 (D. Neb. Aug. 22, 2006) ("Had Judge Urbom not already dismissed the plaintiff's tort claims against the United States, it clearly would be impermissible to allow the plaintiff to file an amended complaint to cure the jurisdictional defect. In this case, however, the United States obtained a dismissal of the prematurely-filed tort claims and has not had to defend the action while the plaintiff's administrative claim was pending. Under these circumstances, allowing the plaintiff to file an amended complaint naming the United States as a defendant would not tend to 'render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.'" (quoting Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999)).

complaint cannot serve as the date the federal suit was "instituted."); <u>Kumar v. United States</u>, No. 2:18-cv-03028, 2020 WL 2556798, at *4 (E.D. Ca. May 20, 2020) ("[A] plaintiff cannot cure his failure to exhaust by later amending his complaint."); <u>Gaerman v. F.B.I.</u>, No. CV 03-102-HU, 2003 WL 23537963, at *2 (D. Or. Sept. 29, 2003) (substituting the United States and dismissing after finding that a premature complaint cannot be cured by amending).

Here, Askar filed her tort claims before she exhausted her administrative remedies, and amending the complaint fails to cure the jurisdictional defects.  Thus, Askar's only method to revive her FTCA claims is through voluntary dismissal and re-filing of the case.[8]

CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED that:**

1.  The United States is substituted [ECF No. 26] as defendant in place of defendants John Doe 1 and John Doe 2;

---

[8] Askar can do so by seeking voluntary dismissal of her remaining claim by court order under Fed. R. Civ. P. 41(a)(2). Such a dismissal would be without prejudice and would permit Askar to re-file all of her claims against the proper defendants. Alternatively, Askar can elect to forfeit her FTCA claims and amend the complaint to assert only her constitutional cause of action.

2.    Defendants Hennepin County, Hennepin County Sheriff's Office, Ramsey County, and Ramsey County Sheriff's Office are dismissed;

3.    Plaintiff is granted to leave to amend her complaint to add constitutional claims; and

4.    The motion to dismiss [ECF No. 30] plaintiff's tort claims is granted without prejudice.

Dated: April 27, 2022                 s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court